RECEIVED

AUG 2 7 2008
Aug 27, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Harrison Conley )
_____ )
(Name of the plaintiff or plaintiffs) )
                                  )      CIVIL ACTION
        v.                        )
Superior Ambulance              )      No. 08CV4904
_____ )      JUDGE NORGLE
                                  )      MAG. JUDGE DENLOW
_____ )
(Name of the defendant or defendants) )

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

1. This is an action for employment discrimination.

2. The plaintiff is __Harrison Conley__ of the county of __Cook__ in the state of __IL__.

3. The defendant is __Superior Ambulance__, whose street address is __395 W Lake Street__,
(city) __Elmhurst__ (county) _____ (state) __IL__ (ZIP) __60126__
(Defendant's telephone number)   (___) - _____

II  The plaintiff sought employment or was employed by the defendant at (street address)
__201 E Huron Northwestern Hosp.__ (city) __Chicago IL__
(county) _____ (state) __IL__ (ZIP code) __60610__

5. The plaintiff [check one box]
   (a) ☐  was denied employment by the defendant.
   (b) ☐  was hired and is still employed by the defendant.
   (c) ☒  was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) _Feb_, (day) _18_, (year) _2008_.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i) ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

(ii) ☐ the Illinois Department of Human Rights, on or about (month) _May_ (day)_____ (year) _2008_.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES.   ☐ NO, but plaintiff will file a copy of the charge within 14 days.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and
(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☒ No, did not file Complaint of Employment Discrimination

2. The plaintiff received a Final Agency Decision on (month)_____ (day)_____ (year)_____.

c. Attached is a copy of the

a. Complaint of Employment Discrimination,
☐ YES   ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision
☐ YES   ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

   (a) ☐ the United States Equal Employment Opportunity Commission has not issued a

   *Notice of Right to Sue.*

   (b) ☐ the United States Equal Employment Opportunity Commission has issued a

   *Notice of Right to Sue*, which was received by the plaintiff on (month) 7 (day) 24 (year) 2008 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

   (a) ☑ Age (Age Discrimination Employment Act).
   (b) ☑ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)
   (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
   (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant *[check only those that apply]*

   (a) ☐ failed to hire the plaintiff.
   (b) ☑ terminated the plaintiff's employment.
   (c) ☐ failed to promote the plaintiff.

(d)☐ failed to reasonably accommodate the plaintiff's religion.

(e)☐ failed to reasonably accommodate the plaintiff's disabilities.

(f)☐ failed to stop harassment;

(g)☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h)☐ other (specify):_____

_____
_____
_____
_____
_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Conclusion Section 602A of The Unemployment Insurance Act It is concluded that the claimant, Harrison Conley was discharged for reasons other than misconduct connected with work.

No Disqualification is imposed under Section 602A of the Act

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES  ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a)☐ Direct the defendant to hire the plaintiff.

(b)☐ Direct the defendant to re-employ the plaintiff.

(c)☐ Direct the defendant to promote the plaintiff.

(d)☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e)☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐   Direct the defendant to (specify): _____

_____

_____

_____

(g) ☒   If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒   Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) _Hamms Conley_

(Plaintiff's name) _Hamms Conley_

(Plaintiff's street address) _744 N Lockwood Ave_

_Chicago IL_

(City) _____ (State) _IL_ (ZIP) _60644_

(Plaintiff's telephone number) (773) - _458 0444_

Date: _8/26/08_

**LOCAL RULES 5.2 — 5.4**

**LR5.2.        Form of Papers Filed**

(a)        PAPER AND FONT SIZE. Each document filed shall be flat and unfolded on opaque, unglazed, white paper approximately 8 ½ x 11 inches in size. It shall be plainly written, or typed, or printed, or prepared by means of a duplicating process, without erasures or interlineations which materially deface it. It shall be bound or secured on the top edge of the document. Where the document is typed, line spacing will be at least 1½ lines. Where it is typed or printed, (1)    the size of the type in the body of the text shall be 12 points and that in footnotes, no less than 11 points, and (2)    the margins, left-hand, right-hand, top, and bottom, shall each be 1 inch.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2008-04008 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Harrison Conley | (773) 626-2526 | 01-31-1961 |

Street Address: 749 North Lockwood, Chicago, IL 60644

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SUPERIOR AMBULANCE | 500 or More | (630) 530-1500 |

Street Address: 395 West Lake Street, Elmhurst, IL 60126

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-18-2008   Latest: 02-18-2008
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the above named Respondent in 1997 as a Dispatch Supervisor. On February 18, 2008, I was discharged.

I believe that I was discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I also believe that I was discriminated against because of my age, 47 (date of birth: January 31, 1961), in violation of the Age Discrimination in Employment Act of 1967, as amended.

RECEIVED EEOC
MAR 14 2008
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Mar 14, 2008
*Date*   *Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

STATE OF ILLINOIS
DEPARTMENT OF EMPLOYMENT SECURITY
APPEALS DIVISION
REFEREE'S DECISION

| | |
|---|---|
| **APPEAL DOCKET** AR-8014671A | **LOCAL OFFICE:** 11 |
| **CLAIMANT:** (APPELLANT) | **EMPLOYER:** |
| HARRISON CONLEY<br>749 N. LOCKWOOD<br>CHICAGO, IL. 60644 | SUPERIOR AIR-GROUND SERV.<br>395 W. LAKE ST.<br>ELMHURST, IL. 60126 |

| | | | |
|---|---|---|---|
| **SOCIAL SECURITY NUMBER:** | 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 | **DATE OF HEARING:** | 5-14-08 |
| **DATE OF APPEAL:** | 3-10-08 | **PLACE OF HEARING:** | Telephone |
| **DATE OF REOPEN:** | 4-23-08 | **DATE OF MAILING:** | 5-15-08 |

**APPEARANCES/ISSUES/EMPLOYER STATUS:** The claimant and employer appeared and testified. The Claimant was represented by legal counsel. The issue is: Was the claimant discharged for misconduct connected with work as defined in Section 602A of the Illinois Unemployment Insurance Act? The employer is a party to this appeal.

**FINDINGS OF FACT:** The Claimant was last employed as a supervisor-dispatcher. He worked for the Employer for approximately 11 years. The Claimant did not receive any prior warnings for any acts of misconduct. On 2-12-08, the Claimant was discharged for allegedly mishandling a unruly subordinate employee. He denied the allegations. The Employer did not offer any personal knowledge of the incident that ultimately caused the discharge.

**CONCLUSION:** Section 602A of "The Unemployment Insurance Act" provides, in part, that an individual shall be ineligible for benefits for the weeks in which he has been discharged for misconduct connected with his work and, thereafter, until he has become reemployed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks. The term "misconduct" means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit.
Before the disqualification provision of Section 602A of the Act could be imposed, the Employer must present by a preponderance of the evidence that the Claimant's acts were willful and deliberate. The facts and the preponderance of evidence adduced at the hearing did not establish any misconduct on the part of the Claimant. It is concluded that the Claimant was discharged for reasons other than misconduct connected with work. Accordingly, no disqualification is imposed on this issue.

**DECISION:** The determination of the Local Office is SET ASIDE. No disqualification is imposed under Section 602A of the Act.

GI taa 5-14-08                                                                 GEORGE IRIZARRY, Hearings Referee    546

**RIGHT OF FURTHER APPEAL:** This decision will become final, unless WRITTEN NOTICE of appeal from the decision is filed within thirty days from the date of mailing shown above. The notice of appeal must be filed at the local unemployment insurance office where the claim is filed, with the Board of Review, 33 South State, Chicago, Illinois 60603, or by FAX at 312-793-2373.

8014671A.LF2

# Northwestern Memorial® Hospital

March 17, 2008

To Whom It May Concern,

The purpose of this brief communication is to serve as a letter of reference for Harrison Conley. Harrison has worked with Northwestern Memorial Hospital in a supervisory capacity for the past fourteen years. During this time he has worked on site at the hospital supporting an outsourced Outpatient Shuttle program. This function was designed to pick up patients from the surrounding neighborhoods and bring them to and from our campus. Harrison ran a total of 6 vehicles and was personally responsible for all daily coordination / dispatch activity. Under his leadership the program grew to provide over 35,000 trips annually.

You will find Harrison to be a reliable, loyal, and hardworking employee. His customer service skills are top-notch, he has done an exceptional job balancing a demanding patient population with high volume dispatch / logistics functionality. He would make a great addition to any customer-focused team.

Thank you for your time and attention. Please contact me if I can provide any further information or detail regarding Harrison Conley.

Sincerely,

*Brian Stepien*
Director, Patient Support Services and Logistics
Northwestern Memorial Hospital

312-926-6467

EEOC Form 161 (2/08)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Harrison Conley
749 North Lockwood
Chicago, IL 60644

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

Certified Mail 7001 0320 0006 1100 1020

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-04008 | Sarronda Harris, Investigator | (312) 886-9320 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

John P. Rowe,
District Director

7/24/2008
(Date Mailed)

Enclosures(s)

cc:

**SUPERIOR AMBULANCE**

Control N⁰ 090707117

Dear The United States Equal Employment Opportunity Commission (EEOC) In The Charge of discrimination, I would like to proceed with the Department. This letter States That I wish to proceed.

Please accept this letter as my written Notification to move forward.

Thank you.
Harrison Conley
August 04 2008